IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CLABURN M. LOCKWOOD, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 07-1838-KI |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

RICHARD A. SLY
1001 S.W. Fifth Avenue
Portland, OR 97204

LINDA ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035

    Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney

NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

RICHARD M. RODRIGUEZ
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

KING, District Judge:

Plaintiff Claburn Lockwood ("Lockwood") seeks judicial review of the Social Security Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is affirmed.

## BACKGROUND

Born in 1951 (Tr. 87), Lockwood completed three years of post-secondary education. Tr. 175.[1] Lockwood reports past work as an art director, assistant oven builder, bread stand manager, baker, and bed and breakfast manager. Tr. 170, 210. Lockwood first applied for DIB on November 9, 2001, alleging disability since January 1997. Tr. 737-41. The Commissioner denied this application. Tr. 742. The record before this court contains a subsequent denial for an SSI claims filed by the Commissioner on February 27, 2002. Tr. 35-38. Lockwood did not appeal the denied

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on March 18, 2008 (Docket # 9).

2 - OPINION AND ORDER

claims.

Lockwood concurrently filed DIB and SSI claims on May 2, 2003. Tr. 87-89, 744-46. The Commissioner denied the SSI applications initially and upon reconsideration. Tr. 30-43, 47-49. Here the Commissioner found that Lockwood's impairments were disabling, but did not meet the twelve-month durational requirement. Tr. 39. The Commissioner therefore found Lockwood not eligible for SSI. *Id.* Regarding Lockwood's 2003 DIB claim, the Commissioner found that she was performing substantial gainful activity through her date last insured. Tr. 748. This finding precluded the Commissioner from performing further disability analysis in conjunction with Lockwood's DIB application. Tr. 748. In sum, the Commissioner denied both applications.

An Administrative Law Judge ("ALJ") held a hearing in conjunction with Lockwood's 2003 SSI claim on June, 2, 2005. Tr. 757-821. On April 27, 2006, the ALJ issued an unfavorable decision. Tr. 23-31. The Appeals Council accepted additional evidence into the record but denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 7-10. Lockwood presently appeals this denial of her May 2003 application for benefits.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental

impairment" that meets the twelve-month durational requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the

claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.920(g), 416.966.

## THE ALJ'S FINDINGS

The ALJ found that, based upon Lockwood's testimony, she performed no substantial gainful activity relevant to her claim for benefits. Tr. 25.[2] The ALJ found Lockwood's left knee injury and surgeries, degnererative disc disease of the lumbar spine, history of foot surgery, anxiety, depressive disorder, and alcoholism "severe" at step two in the sequential proceedings. Tr. 25. The ALJ found that these impairments did not meet or equal a listing at step three. Tr. 26. The ALJ found Lockwood's statements concerning the "intensity, duration, and limiting effects of [her] symptoms not "not entirely credible." Tr. 27. The ALJ subsequently assessed Lockwood's RFC:

> [T]he claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. She can stand and walk 6 hours out of an 8-hour day and sit 6 hours out of an 8-hour day. She can do simple and complex tasks not requiring close or frequent social contact with the public or others.

Tr. 26. The ALJ concluded that this RFC allowed Lockwood to perform work in the national economy, and therefore found Lockwood not disabled. Tr. 30-31.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193

---

[2]This finding reverses the Commissioner's May 7, 2003, finding that Lockwood's DIB application was precluded by performance of substantial gainful activity.

(9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## ANALYSIS

Lockwood challenges the ALJ's review of her medical record and the lay testimony. Lockwood also asserts that the ALJ erroneously failed to develop the record, failed to correctly apply SSR 82-59, and made inappropriate findings at steps two, three, and five of the sequential proceedings.

### I.    The ALJ's Decision Caption

Lockwood asserts that the ALJ erroneously captioned her decision. Pl.'s Opening Br. 12. The ALJ's headed her decision "Supplemental Security Income," but the ALJ's decision cites the legal standards for both SSI and DIB applications under Titles II and XIV. Tr. 23-31. The ALJ's conclusion specifically found that, "the claimant has not been under a "disability" as defined in the Social Security Act . . . ," and cited the Regulations pertaining to both Title II and Title XVI. Tr. 31 (citing 20 C.F.R. §§ 401.1520(g) and 416.920(g)). The ALJ's final conclusion at the end of her decision states that Lockwood is not disabled based upon her April 23, 2003 application for DIB and her SSI application on the same date. Tr. 31.

The ALJ decision reviewed Lockwood's DIB and SSI applications filed April 23, 2003. Though the ALJ failed to include "Disability Insurance Benefits" in her initial caption (Tr. 23), this omission does not amount to reversible error.

## II.    The ALJ's Duty to Develop the Record

Lockwood asserts that the ALJ failed to develop the record, specifically asserting that "part of the file seems to be missing." Pl.'s Opening Br. 11.

### A.    Lockwood's Previous Application

Lockwood first asserts that the ALJ failed to develop the record regarding the Commissioner's finding that she is disabled. Pl.'s Opening Br. 11.

The record before this court shows that the Commissioner found Lockwood's impairments disabling on February 27, 2002, but also found that these impairments were not expected to last twelve months, and therefore Lockwood was not disabled under the Commissioner's rules. Tr. 39.

Lockwood asserts that the ALJ had access to further information which is not in the present record. Pl.'s Opening Br. 11. The Commissioner's February 27, 2002, findings are in the record before this court, as noted. Tr. 39. This assertion is therefore without merit.

### B.    Medical Records

Lockwood also claims that the ALJ failed to obtain physician records, which she identifies as "the current doctor's records." Pl.'s Opening Br. 12. Lockwood also asserts that the Commissioner "must obtain" records from Dr. Loeb, Lockwood's present treating physician, *id.*, and that the ALJ should have recontacted treating physician Dr. Moller. *Id.* at 17.

The claimant bears the burden of producing evidence of disability. 20 C.F.R. §§ 404.1512(c),

7 - OPINION AND ORDER

416.912(c); *Tackett*, 180 F.3d at 1098. The ALJ's duty to develop the record is triggered when evidence is insufficient or when ambiguities arise. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005), *Armstrong v. Commissioner*, 160 F.3d 587, 590 (9th Cir. 1998).

Lockwood presently points to no ambiguity in the record before this court. Instead, she asserts that unidentified portions of the record are missing. The Commissioner now asserts that Lockwood did not disclose treatment by Dr. Loeb in her initial submissions, and notes that Lockwood's attorney promised to obtain Dr. Loeb's records at Lockwood's hearing. Def.'s Br. 8. The record supports the Commissioner's assertion regarding Lockwood's initial application. Tr. 171-73, 21-14. At Lockwood's hearing, the ALJ asked Lockwood's counsel "do you want to get [Dr. Loeb's] records or do you want me to?" Tr. 764. Lockwood's counsel responded, "Either way," and then stated, "I'll go after them, because it'll perhaps speed it up." *Id.* The ALJ reasonably relied upon Lockwood's submission, and Lockwood cannot now assert that the ALJ failed to develop the record.

This court additionally finds no ambiguity warranting development in Dr. Moeller's opinion, discussed more fully below. For all of these reasons, Lockwood fails to establish that the evidence before this court is insufficient. Lockwood's submission that the ALJ failed to develop the record therefore fails.

### III.    Medical Source Statements

#### A.    Standards

Generally, the ALJ must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If two opinions

conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. *Id.*, at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216.

### B.  Dr. Kaur-Jayaram

Lockwood specifically asserts that the ALJ "failed to mention Dr. Kaur-Jayaram," and therefore "effectively improperly rejected his opinion" regarding her pain-related limitations. Pl.'s Opening Br. 16.

Dr. Kaur-Jayaram performed two epidural injections for Lockwood's back pain, respectively in February and March 1997. Tr. 500-502. On April 22, 1997, Dr. Kaur-Jayaram stated that Lockwood was receiving pain management treatment for her lower back pain. Tr. 510. Dr. Kaur-Jayaram wrote:

> In my considerable experience with patients with this type of pain, I am bound to say that the pain from this condition can be fairly severe and incapacitating. In addition, Ms. Lockwood is very sensitive to any kind of pain medications which have been a restricting factor in trying to control her pain by these means. I would strongly suggest that she be given time off as well as perhaps allow her to work part-time until this condition is sorted out.

Tr. 510.

The ALJ need not discuss evidence that is insignificant or non-probative. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Dr. Kaur-Jayaram provided no further explanation for his opinion and the record shows no further treatment notes from Dr. Kaur-Jayaram. Additionally, Dr. Kaur-Jayaram's opinions were predicated upon Lockwood's subjective reports, which the ALJ found not credible. For these reasons, the ALJ did not error in failing to discuss Dr. Kaur-Jayaram's April 22, 1997 opinion.

### C. Dr. Moller

Lockwood asserts that the ALJ erroneously gave treating orthopedist Dr. Moller's opinion "little weight, because she found it vague, not understanding what 'previous work' [Dr. Moller] was referring to." Pl.'s Opening Br. 17. Lockwood does not identify what portion of Dr. Moller's opinion she references.

The ALJ discussed Dr. Moller's November 20, 2001, opinion that Lockwood could not perform work activity between March 2001 and April 2002. Tr. 29 (citing exhibit 21F-35 [Tr. 572]). The ALJ's citation indicates a work release completed by Dr. Moller on November 20, 2001, which stated that Lockwood is "unable to do [regular] work 3/2001-04/2002." Tr. 572. The ALJ found that Dr. Moller provided no explanation for his statement, that Dr. Moller did not identify "regular work," and that Dr. Moller's opinion "involves vocational issues . . . not his area of expertise." Tr. 29.

The ALJ may reject physician opinions unsupported by clinical notes or findings. *Bayliss*, 427 at 1216. Disability opinions are furthermore reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). For these reasons, the ALJ appropriately rejected Dr. Moller's November 20, 2001, statement.

### D. Bipolar Disorder

Lockwood asserts that the ALJ "made no finding" regarding her alleged bipolar disorder. Pl.'s Opening Br. 22. Lockwood does not point to the record, and does not identify any work-related limitations regarding her alleged bipolar disorder. *Id.*

The ALJ noted Lockwood's bipolar diagnosis. Tr. 28. The ALJ discussed examining

psychologist Dr. Givi's finding that Lockwood's symptoms did not support a bipolar diagnosis. *Id.* Finally, the ALJ noted an October 2004 evaluation stating that Lockwood carries a bipolar diagnosis, but last experienced a manic episode twenty years ago. *Id.*

The record supports these findings. The ALJ's first citation refers to Dr. Helfing's March 20, 2003, psychiatric evaluation. Tr. 359-60. Dr. Helfing noted a "history of manic symptoms in the past" and assessed "bipolar disorder, depressed." *Id.* Dr. Givi stated that Lockwood does not meet bipolar disorder diagnostic criteria because she did not describe symptoms consistent with mania. Tr. 372. Finally, Dr. Krishnan noted Lockwood's "history of bipolar disorder, by screening," and that Lockwood's last manic episode occurred nearly twenty years ago. Tr. 490. Contrary to Lockwood's assertion, the ALJ made findings regarding her bipolar disorder. Tr. 28. The ALJ's findings are based upon the record and therefore affirmed.

### IV.   Lay Witness Testimony

Lockwood asserts that the ALJ rejected lay witness James McCormack's ("McCormack") testimony regarding Lockwood's concentration and ability to handle stress Pl.'s Opening Br. 20. Lockwood also asserts that the ALJ erroneously omitted discussion of lay witness Barbara Hermens ("Hermens"). *Id.* at 21.

### A.   Standards: Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d), 404.1545(a)(3), 416.913(d), 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19

(9th Cir. 1993). The ALJ may not reject such testimony without comment, and he must give germane reasons for rejecting lay testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Silent omission of lay testimony is never harmless, unless the reviewing court can confidently conclude that "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006).

  **B.** **Analysis**

    **a.** **James McCordack**

The ALJ noted McCormack's testimony that Lockwood's "concentration is impaired when she has a panic attack," and that Lockwood "does not handle stress well." Tr. 28. The ALJ found McCormack's testimony "generally credible," but rejected McCormack's testimony regarding Lockwood's activities of daily living. *Id.*

The ALJ's RFC assessment limited Lockwood to "simple and complex tasks not requiring close or frequent social contact with the public or others." Tr. 26. The "simple" work restriction accommodates concentration lapses due to panic attacks. The ALJ's RFC therefore accommodated limitations stemming from Lockwood's panic attacks and stress symptoms. The ALJ made no reversible error regarding these portions of McCormack's testimony.

    **b.** **Barbara Hermens**

Hermens completed a report on December 3, 2001, regarding Lockwood's activities of daily living in conjunction with Lockwood's earlier application for benefits. Tr. 196-207. Lockwood points to Hermens's testimony regarding Lockwood's limited activities following knee surgery, and Hermens's testimony that Lockwood has trouble sleeping and naps for two hours. Pl.'s Opening Br.

21. Lockwood also points to Hermens's testimony that Lockwood has not had a "typical day" since 1998, and that Lockwood primarily cares for her daughter. *Id.* This court will not address additional testimony unidentified by Lockwood.

The record shows that Hermens in fact stated that Lockwood can "walk, bus, bike," but subsequently indicated that Lockwood does not take walks following her knee surgery. Tr. 199-200. Hermens declined to answer further questions regarding Lockwood's walking limitations. Tr. 200. Hermens stated that Lockwood sleeps five hours per night, and that "most days [Lockwood] gets her daughter ready for school and gets chores done, then rests her leg and get[s] ready for [her] daughter to get home." Tr. 206.

The ALJ limited Lockwood from lifting more than ten pounds frequently and twenty pounds occasionally, and from standing, walking, or sitting, more than six hours each in an eight hour day. Tr. 26. Lockwood does not establish that crediting indicated portions of Hermens's testimony would compel the ALJ to reach a different RFC assessment.

## V.     Social Security Ruling 82-59

Lockwood asserts that the ALJ failed to consider her noncompliance with treatment under SSR 82-59. Pl.'s Opening Br. 18. Lockwood does not point to a specific instance in the ALJ's decision showing that the ALJ found that Lockwood failed to follow treatment.

SSR 82-59 addresses "failure to follow prescribed treatment," and directs that an ALJ must consider failure to follow treatment "only" where each of four specified conditions arise. SSR 82-59 at *1 (available at 1982 WL 31384). These conditions are: (1) the evidence establishes that an individual's impairments preclude performance of substantial gainful activity, (2) the impairment

has lasted or is expected to last twelve continuous months, (3) a treating source has prescribed treatment which is "clearly expected to restore capacity to engage in [substantial gainful activity]," and (4) the record shows that the claimant has refused to follow such treatment. *Id.*

Lockwood has met none of these conditions. Therefore, the ALJ was not obliged to apply SSR 82-59. This argument fails. The ALJ may consider a claimant's failure to follow prescribed treatment in his credibility analysis. *Smolen v. Chater*, 80 F.3d 1279, 1284 (9th Cir. 1996). The ALJ presently cited Lockwood's noncompliance with physical therapy treatment in her credibility finding. Tr. 27. Lockwood does not challenge the ALJ's credibility finding. The ALJ's findings are therefore affirmed.

## VI. The ALJ's Steps Two and Three Findings

Finally, Lockwood asserts, without citation to the record or citation to legal authority, that the ALJ made erroneous findings at steps two and three regarding her alleged bipolar disorder. Pl.'s Opening Br. 22.

### A. Step Two

At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 416.920(c); *see also* 20 C.F.R. §§ 404.1521; 416.921. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. §§ 404.1509; 416.909.

The ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2). Because the ALJ proceeded

beyond step two in the sequential analysis, the court considers the effect of the ALJ's alleged error in reviewing the ALJ's subsequent findings. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding an ALJ's step two omission harmless when the ALJ proceeded beyond step two in the sequential analysis). For this reason, the court declines to discuss the severity of Lockwood's alleged bipolar disorder at step two. Lockwood establishes no reversible error at step two in the sequential analysis.

### B. Step Three

The ALJ's step three findings are based upon medical evidence. 20 C.F.R. §§ 404.1520(a)(iii); 416.920(a)(iii). As discussed above, the ALJ's assessment of the medical record is based upon the record and correct legal standards. Lockwood's unsupported assertion that the ALJ failed to find that she met or equaled a listing at step three should therefore be rejected. Additionally, an ALJ's omission at a threshold step is harmless where the ALJ proceeded beyond the indicated step in the sequential analysis. *See Lewis*, 498 F.3d at 911. For these reasons Lockwood establishes no reversible error in the ALJ's step three findings.

### VI. The ALJ's Step Five Findings

Lockwood asserts that the ALJ erroneously found her not disabled under the Medical Vocational Guidelines "grids" due to the approach of her fifty-fifth birthday at the date of her hearing. Pl.'s Opening Br. 12. The ALJ presently based her step five findings upon the testimony of a vocational expert. Tr. 30-31.

The ALJ may rely upon the grids when they completely describe a claimant's exertional impairments. *Tackett*, 180 F.3d at 1101-02. If the claimant has additional non-exertional

15 - OPINION AND ORDER

impairments not contemplated by the grids, such as an emotional disorder, the ALJ must call a vocational expert. *Id.* Lockwood's RFC assessment includes non-exertional limitations stemming from her depression and panic disorders. Tr. 26. Therefore, the ALJ was required to call a vocational expert.

The ALJ's questions to the vocational expert must include limitations that are properly supported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Here, the vocational expert stated that an individual with Lockwood's RFC assessment could perform work in the national economy. Supp. Tr. 835-36.[3] Lockwood does not challenge this testimony or the ALJ's subsequent findings based upon that testimony. The ALJ's findings are therefore affirmed.

## CONCLUSION

The Commissioner's decision that Lockwood did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this ____24th____ day of March, 2009.

                                                   /s/ Garr M. King
                                                   Garr M. King
                                                   United States District Judge

---

[3] Citations "Supp. Tr." refer to the indicated portions of the Supplemental Transcript, filed by the Commissioner on March 19, 2008 (docket # 10).