**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CLABURN M. LOCKWOOD,
    *Plaintiff-Appellant,*

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,
    *Defendant-Appellee.*

No. 09-35546

D.C. No.
3:07-cv-01838-KI

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted
May 3, 2010—Portland, Oregon

Filed August 16, 2010

Before: Andrew J. Kleinfeld, Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Bea

Lockwood v. CIR                                          11835

## COUNSEL

Linda S. Ziskin (argued), Lake Oswego, Oregon, and Richard A. Sly, Portland, Oregon, for the plaintiff-appellant.

Kent S. Robinson, Acting United States Attorney, Adrian L. Brown, Assistant United States Attorney, David Morado, Regional Chief Counsel, and Stephanie R. Martz (argued), Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for the defendant-appellee.

Case 3:07-cv-01838-KI   Document 35   Filed 08/16/10   Page 3 of 11
Case: 09-35546   08/16/2010   Page: 3 of 11   ID: 7440320   DktEntry: 22-1

11836                    LOCKWOOD v. CIR

## OPINION

BEA, Circuit Judge:

The issue in this case is whether an administrative law judge ("ALJ") erred when she failed to explain in her written decision why she treated a social security disability benefits claimant as being a person closely approaching advanced age instead of treating the claimant as being a person of advanced age. We hold the ALJ did not err because she was required by regulation only to consider whether to use the older age category. The ALJ satisfied this requirement.

Social security regulations divide claimants into three age categories: younger persons (those persons under age 50), persons closely approaching advanced age (those persons age 50-54), and persons of advanced age (those persons age 55 or older). 20 C.F.R. § 404.1563(c)-(e). Where a claimant is within a few days or a few months of reaching an older age category (a "borderline situation"), an ALJ has discretion, but is not required, to use the older age category. *Id.* § 404.1563(b).

Here, Claburn Lockwood ("Lockwood") was one month and three days from turning 55 years old (and, thus, from becoming a person of advanced age) when the ALJ denied Lockwood's claim for social security disability benefits. The ALJ treated Lockwood as being a person closely approaching advanced age—instead of using the older age category—and concluded that Lockwood was not disabled. The ALJ did not explain in her decision why she did not treat Lockwood as being a person of advanced age. The district court affirmed the ALJ's decision.

Lockwood contends, and the Commissioner of Social Security does not dispute, that the ALJ would have been required to conclude that Lockwood was disabled if the ALJ had treated Lockwood as being a person of advanced age.

| Lockwood v. CIR | 11837 |
|---|---|

Thus, Lockwood contends the ALJ committed reversible error by failing to explain in her decision why she used Lockwood's chronological age—54 years old.

Although an ALJ is required by regulation to *consider* whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category. *See* 20 C.F.R. § 404.1563(b). On the facts of this case, the ALJ did not err when she did not address in her written decision the fact that Lockwood was just over one month from being a person of advanced age. Therefore, we affirm.[1]

## I.  Background

In 2003, Lockwood applied for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. After Lockwood's applications were denied, she requested a hearing before the ALJ. The ALJ held two hearings: one on June 2, 2005, at which Lockwood appeared and testified, and another on October 13, 2005, at which Lockwood did not appear.

The ALJ filed a decision on April 27, 2006, in which she concluded that Lockwood was not disabled. The ALJ applied the standard five-step test to determined whether Lockwood was disabled. *See* 20 C.F.R. § 404.1520. The ALJ found at Step 1 that Lockwood "ha[d] not engaged in substantial gainful activity at any time relevant to this decision" because Lockwood received no income from her work as a freelance artist—the only work she did after January 1999. At Step 2, the ALJ found Lockwood "ha[d] the following severe impairments: left knee injury and surgeries; degenerative disc disease of the lumbar spine with a history of fusion; a history of foot surgery; anxiety; a depressive disorder; and alcoholism."

---

[1]In a memorandum disposition filed concurrently with this opinion, we address other claims raised by Lockwood.

At Step 3, the ALJ found Lockwood "d[id] not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."

The ALJ found Lockwood "has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. She can stand and walk 6 hours out of an 8-hour day and sit 6 hours out of an 8-hour day. She can do simple and complex tasks not requiring close or frequent social contact with the public or others." Based on Lockwood's residual functional capacity, the ALJ found at Step 4 that Lockwood "is unable to perform any past relevant work." Lockwood's "past relevant work" included her work "as an operator of a bed and breakfast and a bread seller," work that requires frequent contact with the public. However, at Step 5, the ALJ found that, "[c]onsidering [Lockwood's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Lockwood] can perform." That finding was based on the testimony of a vocational expert who identified "production assembler" and "house cleaner" as examples of jobs Lockwood could perform. Therefore, the ALJ concluded Lockwood was not disabled. The district court affirmed.

## II.  Standard of Review

We review *de novo* a district court's order that affirms an ALJ's denial of benefits. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We must uphold an ALJ's decision so long as it is supported by substantial evidence and is not based on legal error. *Id.* Further, even if the ALJ erred, we will uphold the decision so long as the error was harmless. *Id.*

## III. Discussion

**[1]** A claimant makes a prima facie showing of disability where, as here, the claimant has established that she suffers

| LOCKWOOD v. CIR | 11839 |
|---|---|

from a severe impairment that prevents her from doing past work. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Once the claimant makes such a showing, the Commissioner of Social Security ("Commissioner") bears the burden of "show[ing] that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* The Commissioner can meet this burden in one of two ways: "(a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines ["the grids"] at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.* at 1101 (emphasis omitted).

**[2]** The grids are matrices of the "four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983) (footnotes omitted). For purposes of applying the grids, there are three age categories: younger person (under age 50), person closely approaching advanced age (age 50-54), and person of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)-(e). The regulation also provides:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will *consider* whether to use the older age category after evaluating the overall impact of all the factors of your case.

*Id.* § 404.1563(b) (emphasis added). It is clear from the text of this regulation that an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category. *Id.*; *see Bowie*

11840                LOCKWOOD v. CIR

*v. Comm'r*, 539 F.3d 395, 399-401 (6th Cir. 2008) (holding that section 404.1563(b) "does not impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case").

**[3]** Here, the ALJ satisfied the requirement that she *consider* whether to use the older age category.[2] The ALJ mentioned in her decision Lockwood's date of birth and found that Lockwood was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision. Clearly the ALJ was aware that Lockwood was just shy of her 55th birthday, at which point she would become a person of advanced age. The ALJ also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation. Thus, the ALJ's decision shows that the ALJ knew she had discretion "to use the older age category after evaluating the overall impact of all the factors of [Lockwood's] case."[3] 20 C.F.R. § 404.1563(b). Finally, we are satisfied the ALJ did not "apply the age categories mechanically" because the ALJ "evaluat[ed] the overall impact of all the factors of [Lockwood's] case" when the ALJ relied on the testimony of a vocational expert before she found Lockwood was not disabled.[4] *Id.*

---

[2]We need not and do not decide whether there must be at least some evidence in the ALJ's written decision that the ALJ considered the borderline age situation because, here, such evidence does appear in the ALJ's written decision.

[3]We presume that ALJs know the law and apply it in making their decisions. Cf. *Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

[4]The Tenth Circuit's decision in *Daniels v. Apfel*, 154 F.3d 1129 (10th Cir. 1998), did not address the issue before us here, because in that case, the government argued only that the petitioner failed to carry his burden of proving he should be classified in the higher age bracket, and did not cite or raise any arguments regarding the correct interpretation of the predecessor to § 404.1563(b). *Id.* at 1133. Here, by contrast, the government argues, and we agree, that under the plain language of § 404.1563(b) the ALJ needed to show only that she considered whether to use the older age category. To the extent that *Daniels* interprets the regulation as requiring an ALJ to do anything more, *see* 154 F.3d at 1134 n.5, we join the Sixth Circuit in respectfully disagreeing, *Bowie*, 539 F.3d at 403.

| Lockwood v. CIR | 11841 |
|---|---|

**[4]** Lockwood argues that the ALJ committed reversible error because she failed to consider the requirements laid out in the Commissioner of Social Security's Hearings, Appeals, and Litigation Manual ("HALLEX"), an internal Social Security Administration policy manual. However, HALLEX does not impose judicially enforceable duties on either the ALJ or this court. *See Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008). Moreover, our holding that an ALJ does not commit reversible error as long as she considers whether to use the older age category is consistent with HALLEX. *See Bowie*, 539 F.3d at 399-400 (explaining that HALLEX does not require an ALJ to address borderline situations in every written decision). In relevant part, HALLEX instructs ALJs to consider "additional vocational adversities" that could justify the use of the higher age category, and states that "[a]bsent a showing of additional adversity(ies) justifying the use of the higher age category . . . . [t]he adjudicator need not explain his or her use of the claimant's chronological age." Here Lockwood does not identify any additional vocational adversities that would have given the ALJ reason to treat Lockwood as a person of advanced age.

**[5]** In addition to citing HALLEX, Lockwood relies on another internal Social Security Administration guidance document, the Program Operations Manual System ("POMS"), to support her contention that the ALJ was required to explain in her written decision why she decided to use Lockwood's chronological age rather than the next higher age category. The version of POMS to which Lockwood cites provides:

> Anytime a borderline age situation exists, the adjudicator must state whether it was determined to use the next higher age category or to use the individual's chronological age and explain why. The specific factors supporting either determination must be explained.

POMS DI 25015.005(B)(4) (effective only between May 25, 2006 and July 20, 2006). Like HALLEX, POMS constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ. *See Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). Such agency interpretations "are 'entitled to respect,' " but "only to the extent that those interpretations have the 'power to persuade.' " *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see Clark*, 529 F.3d at 1216. We are not persuaded by the cited section of POMS that the statute and regulations require the ALJ to provide further explanation with specific factors, for several reasons. First, the version of POMS in effect on April 27, 2006—the time of the ALJ's decision—did not require the ALJ to provide an express explanation of the borderline age issue.[5] Therefore, the version of POMS cited by Lockwood was not even applicable when the ALJ made her decision on April 27, 2006. Moreover, the later version of POMS cited by Lockwood is inconsistent with the guidance in HALLEX, discussed above.[6] The Social Security Adminis-

---

[5]The version of POMS in effect on April 27, 2006, simply parroted 20 C.F.R. § 404.1563(b):

> We will not apply the age categories mechanically in a borderline situation. If an individual is within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that the individual is disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of the individual's case.

POMS DI 25015.005(A)(3) (effective June 20, 2002 through May 24, 2006).

[6]HALLEX instructs the ALJ to consider "additional vocational adversities"; where such adversities are absent, the ALJ need not explain her decision to use the claimant's chronological age. In contrast, the version of POMS cited by Lockwood *would* require an explanation of "specific factors" supporting the ALJ's decision to use the claimant's chronological age. Based on this inconsistency, neither the relevant HALLEX guidance nor the relevant POMS guidance has the "power to persuade." *Skidmore*, 323 U.S. at 140.

LOCKWOOD v. CIR                    11843

tration's lack of a consistent direction weighs against giving POMS any substantial weight. *See Skidmore*, 323 U.S. at 140. Finally, the POMS guidance is not a persuasive interpretation of the regulation. The regulation at issue here requires only that the ALJ consider whether to use the older age category; it does not impose any obligation to make express findings incorporated in the ALJ's opinion.

Our holding is also consistent with the Sixth Circuit's holding in *Bowie*. In *Bowie*, the claimant was less than two months from a higher age category. 539 F.3d at 397. The ALJ concluded in his written decision that the claimant was a younger individual and cited 20 C.F.R. § 404.1563, which prohibited him from applying the age categories mechanically. *Id.* However, the ALJ "did not explicitly address the possibility that [the claimant], less than two months shy of her 50th birthday, presented a 'borderline' situation, and he did not discuss the possibility of moving [the claimant] to the 'closely approaching advanced age' category." *Id.* The district court affirmed the ALJ's denial of benefits. *Id.* at 398.

On appeal, the Sixth Circuit affirmed and explained that the ALJ was not required by regulation "to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination. Rather, the regulation merely promises claimants that the [Social Security] Administration will 'consider' veering from the chronological-age default in borderline situations." *Id.* at 399. The Sixth Circuit explained that the ALJ's ultimate disability determination was supported by substantial evidence because there was "simply no evidence in the record that [the claimant] suffered from any 'additional vocational adversities' that might justify placing her in the higher age category." *Id.* at 401.

## IV.   Conclusion

**[6]** The ALJ did not err when she did not explain in her decision why she used Lockwood's chronological age—54

11844                    Lockwood v. CIR

years old—instead of treating Lockwood as a person of advanced age (i.e., a person age 55 or older).

**AFFIRMED.**